**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

**FILED - KZ**
December 20. 2021 2:27 PM

U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
_mg_  Scanned by MJ 12/20/21

NEVIN P. COOPER-KEEL, JD
    Plaintiff Pro Se

V.

THE STATE OF MICHIGAN,
JUDGE ROBERTS KENGIS (in his official capacity),
JUDGE MARGARET BAKER (in her official capacity.

Case No.

Hon.

Magistrate Judge.

**1:21-cv-1076**
Hala Y. Jarbou
**United States District Judge**

## VERIFIED COMPLAINT

Plaintiff is a self employed bail bondsman in Michigan, operating his agency as a sole proprietorship under the DBA, "Atwater Bail Bonds", and states:

1. This is a complaint that involves matters about "reasonable bail", as the government is restrained from violating by section 16 of the Michigan Constitution and the 8th Amendment in the US Constitution.

2. The earliest known historical mention of bail dates back to "The Peloponnesian War", by Thucydides, chapters 30-31, written in the 5th century BC.

3. In the earliest account of bail from The Pelopennesian War, it involved some military officers accused of war crimes, and their alleged victims cried out for their blood.

4. But those ancient Greek city-states also prided themselves on their notions of freedom, and to balance the interests of the freedom of accused criminals awaiting trial and the interests of justice for their victims and society, reasonable bail was the link that bound the two.

5. The only end of justice reasonable bail has ever been tied to is the recognizance of accused criminals, not a money generating operation for a trial court.

6. In Michigan, that was recognized in *People v. Benmore,* 298 Mich. 701; 299 N.W. 773 (1941): "... a bail bond is not a penalty to be used to materially enrich the public treasury, but rather an assurance of the appearance of the accused at time of trial."

7. The bail process in Michigan has been codified in Michigan Compiled Laws, Chapter 728.

8. When an accused criminal defendant misses court, a bail bondsman, aka a "surety", must be notified of it within 7 days of them missing court, and must be given opportunity for a hearing before a "judgment after bond forfeiture" may be entered against said surety (MCL 765.28(1)).

9. From the date of the judgment after bond forfeiture, a surety is afforded 56 days for *either* Defendant being apprehended, or if the Defendant has not been apprehended, to be guaranteed a right of remittance of bond forfeiture money, if it is paid within the 56 days (MCL.765.28(2-3))

10. Bear in mind the opening sentence of MCL 765.28(2), which states that ". . .the court shall set aside the forfeiture . . ." – the onus is on the court to do that if the Defendant has been apprehended within 56 days after the judgment after bond forfeiture order.

11. The language of ". . . the court *shall . . .*" in MCL 765.28(2) also means it is not a discretionary matter for the court, but a codified right of sureties to ensure the right of bail remains reasonable.

12. In August, 2020, I was summoned to show cause why I had not paid a total of $25,000.00 in bond forfeitures regarding two criminal defendants – in the matters of State of Michigan v Justin Hettinger and Philip Commons.

13. In both Defendant's cases, each Defendant had been lodged in a Michigan jail within 56 days of the judgment after bond forfeiture.

14. I made a motion to set aside the judgment after bond forfeitures in each case, prior to that summons, because they had both been apprehended within the statutory 56 day period where I had a non-discretionary right to have those bond forfeiture orders set aside.

15. Judge Kengis of the 48th Circuit Court claimed in the summons hearing that he thought I as a surety should have to both apprehend the Defendant and pay the bond forfeiture amount within the 56 day period, just to beg for the forfeiture money back afterward.

16. The final order denying my motion to set aside the aforementioned forfeitures was entered October 7th, 2020.

17. I filed claims of appeals by right with the MI Court of Appeals on October 26th regarding these two Defendant's cases (Ct of Apps case no's:  355245, 355246, 355247).

18. The Michigan Court of Appeals denied those appeals of right on the basis that the final order in the case was actually the judgment after bond forfeiture orders – i.e. the one entered in the Commons case entered on March 11th, 2020.

19. If that were the case, it would also mean that not only was my right to appeal a final order on the case was gone within 21 days of the March 11th judgment after bond forfeiture – but that my 6 months for application to appeal was already up

by the time my motion to set it aside/my being summoned on it was adjudicated in that October 7th order.

20. Defendant Phillip Commons was apprehended on or about March 17th, 2020, less than a week after the judgment after bond forfeiture order was entered.

21. Defendant Justin Hettinger was apprehended less than 56 days after the judgment after bond forfeiture was entered, yet more than 21 days after judgment after bond forfeiture.

22. So by the MI Court of Appeals's notion that the "final order" of the court in a bail forfeiture matter is a judgment after bond forfeiture, as it relates to MCR 7.203(A) and MCR 7.202(6), it completely overlooks the fact that the very basis for such an order is MCL 765.28, that law which also plainly states that multiple outcomes can happen from 56 days of a forfeiture order, and therefore, the forfeiture order is not a final order adjudicating all of the continuing rights of sureties.

23. That also means that out of hundreds of judgment after bond forfeiture orders, totaling hundreds of thousands of dollars, in the over 5 years my bail bonds agency has been operating, all of which the Defendant has been apprehended within 56 days of the order, if some other court had some new revelation of what reasonable bail means under the US Constitution, MI Constitution, or MCL 765.28, and I'd have no recourse to any judicial review of the new way the law is being applied.

24. If a surety were required to pay the bond forfeiture after apprehending the fugitive even within the 56 day period described in MCL 765.28, there would be no incentive for a surety to apprehend a fugitive, and the purpose of bail would

become nugatory from ensuring the recognizance of accused criminals to stand trial, to simply being a mechanism to enrich the public treasury.

25. Such an interpretation of MCL 765.28 exceeds notions of reasonable bail that both criminally accused, and necessarily, sureties, must be protected from in both the US and MI Constitutions.

26. Such an interpretation of MCL 765.28 would violate the Separation of Powers and Non-Delegation Clauses of the Michigan Constitution, Art. III, Section 2, and Art. IV, section 1, with bail essentially being a tax imposed by the judiciary, when only the legislature has the power to tax.

27. I then filed an application of appeal regarding the MI Court of Appeals denial of my claim of appeal on timeliness grounds to the Michigan Supreme Court, docket #s: 162565 and 162566, declined to hear in an order dated June 1st, 2021.

28. Now today, December 20th, 2021, I am scheduled to show cause in the 48th Circuit Court why I should not be held in contempt for not paying a slew of judgment after bond forfeiture orders where the Defendants were apprehended within 56 days after the judgment after bond forfeiture orders because with their new notions of law which the MI Court of Appeals and MI Supreme Court have failed to do their job to avert such violations of my rights as a surety.

29. Another bond I'm being summoned to show cause why I should not be held in contempt for not paying the $5,000 bond forfeiture in is the case of the State of Michigan v Luandre Roland.

30. In that matter, Mr. Roland was apprehended and held in an Arizona jail within the 56 days after the judgment after bond forfeiture order in the case.

31. I then notified Allegan County of his apprehension.

32. Neither the 48th Circuit Court nor any other actor from the State of Michigan government attempted to extradite him to Michigan from Arizona.

33. The State of Michigan has a fiduciary duty to attempt to extradite – thereby fulfilling the purpose of bail in ensuring recognizance of accused criminals, before attempting to tax a surety on the matter.

34. The State did not fulfil that duty, but is still trying to get money out of me for the bond forfeiture, as if raising money for the public treasury was the purpose of bail.

35. In the matter of the State of Michigan v Jonathan Shepherd, a $10,000 bond, I contracted with licensed bounty hunters out of the state of Indiana – which I'm required to do under Indiana law to operate apprehend fugitives within their state – who apprehended Jonathan Shepherd the day of my bond forfeiture hearing in the 48th Circuit Court in Michigan, but they handed him over to an Indiana jail rather than a Michigan jail.

36. While the 48th Circuit Court may still extradite Jonathan Shepherd from Indiana, in assessing the judgment after bond forfeiture against me in that matter, Judge Kengis said that "that is the risk you take when you bond somebody out who lives in Indiana".

37. In the cases involving matters where the Defendant was apprehended within 56 days of the bond forfeiture order, while this was never mentioned on the record, I was emailed two cases by court personnel in the 48th Circuit Court claiming that the court based its rationale on *Calvert Bail Bond Agency, LLC v. St. Clair County*, 314 Mich.App. 548 (2016), and *Calvert Bail Bonds Agency, LLC v. St. Clair County*, Unpublished, MI Ct of Apps docket no 336821, (2018).

38. Those cases revolved around whether a surety may seek to have a bond forfeiture order set aside under either the statutory rights provided for sureties under MCL 765.28 or for good cause under MCL 600.4835 – and in that case, the surety had them set aside for good cause under MCL 600.4835.

39. Those cases did not even touch upon what statutory rights a surety has under MCL 765.28, as I have brought this claim that the government ought to be enjoined from further intruding on my rights under.

40. I did notice in the unpublished 2018 decision in *Calvert* that the court errantly restated that under MCL 765.28 a surety must both apprehend a fugitive and pay the bond forfeiture within 56 days – however, that was merely dicta, not a holding of the court, as the rights under MCL 765.28 were not even at issue in the case, let alone argued, and MCL 765.28 was only mentioned as a point of reference that a surety could seek setting aside a judgment after bond forfeiture under that law or simply for good cause under MCL 600.4835.

41. Even if the misstatement of using the word "and", instead of what MCL 765.28(3) actually uses – "or" – it is an unpublished case and not controlling caselaw.

## **Causes of Action**

### **Count One – Declaratory Judgment**
### **(Unlawful Exercise of Authority under State and Federal Law)**

42. I incorporate all preceding allegations.

43. The Order After Hearing entered October 7th, 2020, in the 48th Circuit Court, is unenforceable because the Defendant was apprehended within 56 days of the original judgment after bond forfeiture in those three cases, and MCL 765.28 creates a non-discretionary duty upon the court to set those orders aside, absent

any reasonable showing that the ends of justice have been met or that there were some reasonable costs owed to the county for the apprehension, of which no such claims were made by the county.

44. For any Michigan Court to avoid the onus which MCL 765.28 foists upon it to set aside a forfeiture order when a Defendant has been apprehended within 56 days of it, while still trying to collect money no longer owed for a judgment after bond forfeiture order whose only basis in MI law is MCL 765.28 is an unlawful exercise of authority under state and federal law.

45. If MCL 765.28 did actually mean that a surety must both apprehend a given fugitive *and* pay the bond forfeiture amount within 56 days of a judgment after bond forfeiture order, then such a law would violate both the Michigan Constitution and US Constitutional right to reasonable bail, which necessarily extends to sureties, who are a medium through which bail is offered to criminally accused from the government while awaiting trial.

46. There is no known controlling caselaw to this point in Michigan.

### Count two – Declaratory Judgment
### (Violation of Separation of Powers and Non-Delegation Clauses)
### Michigan Constitution, Art. III, § 2, and Art. IV, § 1

47. If a surety is required to pay the bond forfeiture amount even after a Defendant is apprehended within 56 days of a judgment after bond forfeiture order, it makes the purpose of bail no longer the recognizance of an accused criminal, and merely a money generating endeavor for the public treasury – aka a tax.

48. Only the legislature has the power to tax.

49. The legislature does cannot delegate its authority to tax to the judiciary.

**Count Three – Violation of Due Process – Procedural Due Process U.S. Constitution, Amendment XIV and 42 U.S.C. § 1983; Michigan Constitution, Article I, § 17**

50. I filed a timely claim of right to appeal.

51. The fundamental requirement of procedural due process is the opportunity to be heard at a meaningful time and in a meaningful manner before one is finally deprived of a property interest.

52. Elimination of the my ability to engage in business operations of being a bail bondsman – which relates chiefly to ensuring the recognizance of accused criminals to trial, rather than simply being a money payer into the public treasury no matter whether I fulfil my function, deprives me of a property interest.

53. As such, the I am entitled at minimum to a post-deprivation hearing that provides me with a meaningful opportunity to challenge the decision of the court.

54. That post deprivation hearing extends to my *right* to appeal, should I choose to exercise it.

55. A judgment after bond forfeiture order is not a final order affecting my right to a claim of appeal anyway, and in the MI Court of Appeals taking the erroneous viewpoint that it does, it has violated my right to procedural due process.

**Count Four - Violation of Due Process – Substantive Due Process U.S. Constitution, Amendment XIV and 42 U.S.C. § 1983; Michigan Constitution, Article I, § 17**

56. To the extend that MCL 765.28 has been construed by the 48th Circuit Court to mean that a surety must both apprehend a fugitive and pay the bond forfeiture within 56 days of the judgment after bond forfeiture order, even after the fugitive has been apprehended within that time period, it deprives me of the right to

practice my chosen profession – part of which for a bail bondsman is apprehending fugitives.

57. That is because to force a surety to pay the bond forfeiture after apprehending the fugitive makes apprehending the fugitive – the purpose of bail – nugatory.

58. While I suppose a surety could structure their business to just pay bond forfeitures, rather than apprehend fugitives, then keep their fingers crossed that the fugitive is apprehended by public law enforcement, it would take way more money than most sureties have to do that and would deprive them of the option of doing business this business by ensuring the recognizance of accused criminals by personally apprehending them themselves.

59. The right to practice one's chosen profession is a fundamental interest. Enactments that directly curtail that interest are subject to strict scrutiny.

60. To satisfy strict scrutiny, the government must prove that the infringement of the my right is narrowly tailored to serve a compelling state interest.

61. Because the Order After Hearing, entered October 7th, 2020, by the 48th Circuit Court infringe upon the fundamental rights and imposes arbitrary conclusions and prohibitions on my choice as a surety to either pay the bond forfeiture or apprehend the fugitive within 56 days of a bond forfeiture order, it and any other judgment after bond forfeiture in such a circumstance violates my substantive due process as it has been applied.

## Count Five - Violation of the Commerce Clause U.S. Constitution, Art. I, § 8, cl. 3 and 42 U.S.C. § 1983

62. I incorporate all preceding allegations.

63. To the extent the 48th Circuit Court ruled that even though Jonathan Shepherd was apprehended and within the purview of Allegan County's ability to extradite him from Indiana, but said that's the risk I take bonding someone from Indiana out, it has violated the Commerce Clause of the US Constitution because the Commerce Clause reserves to Congress the power to regulate interstate and foreign commerce, individual states may not unduly regulate commerce.

64. Even MCL 765.28 does not specify that the Defendant must be apprehended "in Michigan" or anything to that extent.

65. So the violation is not the law as it is written, but as it has been applied to me in an arbitrary and capricious manner.

66. Michigan's goals of justice by ensuring the recognizance of accused criminals is not advanced even after they're apprehended, by trying to make a surety by the bond forfeiture anyway – particularly if the Defendant is apprehended within the 56 days allotted for it under MCL 765.28.

67. As applied to me, the judgment after bond forfeitures in the cases of Defendants Jonathan Shepherd and Luandre Roland are therefore an undue burden upon interstate commerce in violation of the Commerce Clause.

For the foregoing reasons, the Plaintiffs respectfully request that the Court enter a judgment against the Defendants and award Plaintiffs the following relief:

a) A declaratory judgment that any attempts to collect bond forfeitures on judgment after bond forfeitures orders where the defendant has been apprehended within 56 days of them violate my due process rights and my rights as a surety and/or to reasonable bail, under the Michigan Constitution, the US Constitution under the

8th Amendment and 14th Amendment, and the Commerce Clause of the US Constitution;

b) Alternatively, asking a certified question to the Michigan Supreme Court as to whether my right to appeal was wrongfully denied, and if they think my right to appeal was not violated, what they think Michigan law says on the merits of these cases is;

c) Preliminary and permanent injunction preventing Defendants from enforcing the orders which violate these laws;

d) Damages for the violations of my constitutional rights, in an amount to be proven at trial;

e) Costs and expenses of this action, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988, in an amount to be proven at trial; and

f) Any further relief that the Court deems appropriate.


Respectfully Submitted,

_____

Nevin P. Cooper-Keel, JD – In Pro Per 12.20.2021

I, _Nevin Cooper-Keel_, declare as follows:

1. I am an adult competent to testify to the matters stated herein;
2. I am the _Owner / Sole Proprietor_ of Atwater Bail Bonds, and in that capacity, I am familiar with the business and am a Plaintiff in this action;
3. I have read the foregoing Verified Complaint and, based upon my personal knowledge of the facts stated therein, the facts stated in the Verified Complaint are tru to the best of my knowledge and belief.
4. If called upon to testify, I would competently testify as to the matters stated herein.
5. Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____

executed _12 / 20 / 2021_