UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVIN P. COOPER-KEEL, JD,

       Plaintiff,

v.

STATE OF MICHIGAN, JUDGE
ROBERTS KENGIS (in his official capacity),
and JUDGE MARGARET BAKKER (in her
official capacity),

       Defendants.
_____/

Hon. Jane M. Beckering

Case No. 1:21-cv-1076

**REPORT AND RECOMMENDATION**

Plaintiff Nevin Cooper-Keel, proceeding pro se, has sued Defendants, the State of Michigan and Roberts Kengis and Margaret Bakker, judges of the 48th Circuit Court for Allegan County, Michigan, in their official capacities pursuant to 42 U.S.C. § 1983. Cooper-Keel also alleges state-law claims under the Michigan Constitution. Cooper-Keel's claims arise out of rulings that Kengis made in criminal cases affecting Cooper-Keel in his capacity as a bail bondsman.

Presently before me are the State of Michigan's Motion to Dismiss and Defendants Kengis's and Bakker's Motion to Dismiss. (ECF Nos. 7 and 9.) Cooper-Keel has responded to the motions. (ECF No. 18.) Defendants have elected not to reply. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motions be **GRANTED** and that the amended complaint be **dismissed**.[1]

---

[1] I deny Defendants Kengis and Bakker's request for oral argument because the parties' briefs adequately develop the issues.

## I. Background[2]

Cooper-Keel owns and operates a bail bond agency as a sole proprietorship under the name Atwater Bail Bonds. Until recently, he was on the approved list of bail bond agencies in Allegan County. (ECF No. 13 at PageID.210, 220.) The process by which a bail or surety bond is forfeited for a defendant's failure to appear is set forth in Mich. Comp. Laws § 765.28. Cooper-Keel's claims hinge on the interpretation of this statute.

Cooper-Keel was the bail bondsman or "surety" for two criminal defendants in matters pending in the Allegan County Circuit Court, captioned *State of Michigan v. Justin Hettinger*, No. 20-23405-FH, and *State of Michigan v. Philip Commons*, Nos. 19-022890-FH and 19-022891-FH. (*Id.* at PageID.13; ECF Nos. 8-1, 8-2, 8-3.) Both of the defendants failed to appear for court dates, which triggered the application of Section 765.28. As a result, a judgment after bond forfeiture was entered against Cooper-Keel in each case. In August 2020, the court issued a show cause summons directing Cooper-Keel to show cause for his failure to pay a total of $25,000 in bond forfeitures in the two cases. (ECF No. 13 at PageID.212.) Cooper-Keel filed a motion to set aside the judgments after bond forfeiture, which Defendant Kengis denied after a hearing on October 5, 2020. (*Id.*; ECF No. 8-5 at PageID.80–88.) Disagreeing with Cooper-Keel's interpretation of the statute, Defendant Kengis ruled that, in order to receive the benefit of Section 765.28(3), which relieves a surety of forfeiture in certain circumstances, the surety must both apprehend the defendant and pay the bond forfeiture amount within the 56-day period set forth in the statute. (ECF No. 13 at PageID.212; ECF No. 8-5 at PageID.85–86.)

---

[2] The factual recitation herein is based on the facts alleged in the amended verified complaint, which are taken as true. All legal conclusions, opinions, and extraneous matters therein have been disregarded.

Cooper-Keel appealed Kengis's orders in the two cases to the Michigan Court of Appeals on October 26, 2020. (ECF No. 13 at PageID.213; ECF Nos.8-6. 8-7, 8-8.) The Michigan Court of Appeals dismissed each appeal for lack of jurisdiction, concluding that the October 7, 2020 post-judgment order denying Cooper-Keel's motion to set aside judgment after bond forfeiture was not a final order appealable by right. (ECF No. 13 at PageID.213; ECF No. 8-9.) The court of appeals further noted that, to the extent Cooper-Keel was attempting to appeal the March 11 and July10, 2020 judgments after bond forfeiture, the claim of appeal was untimely. (*Id.*) Rather than file a late appeal under M.C.R. 7.205(G), Cooper-Keel filed motions for reconsideration, which were denied. He then filed an application for leave to appeal with the Michigan Supreme Court. (ECF No. 13 at PageID.214.) The Michigan Supreme Court denied his application on June 1, 2021, because it was "not persuaded that the questions presented should be reviewed by this Court." (*Id.*; ECF No. 8-11.)

Cooper-Keel also complains about two additional cases for which he was summoned to show cause why he should not be held in contempt for paying bond forfeitures. The first case is *Michigan v. Luandre Roland*, in which the defendant was apprehended and held in a jail in Arizona within the 56-day statutory period. In the second case, *Michigan v. Jonathan Shepherd*, the defendant was apprehended in Indiana and lodged in an Indiana jail. (ECF No. 13 at PageID.215–16.)

Cooper-Keel filed this action against Defendants on December 20, 2021, alleging the following claims: (1) Declaratory Judgment for Unlawful Exercise of Authority Under State and Federal Law (Count One); (2) Declaratory Judgment for Violation of Separation of Powers and Non-Delegation Clauses of Michigan Constitution, Art. III, § 2, and Art. IV, § 1 (Count Two); (3) Violation of Procedural Due Process U.S. Constitution, Amend. XIV and 42 U.S.C. § 1983;

Michigan Constitution Art. I, § 17 (Count Three); (4) Violation of Substantive Due Process U.S. Constitution, Amend. XIV and 42 U.S.C. § 1983; Michigan Constitution, Art. I, § 17 (Count Four); and (5) Violation of the Commerce Clause U.S. Constitution, Art. I, § 8, cl. 3 and 42 U.S.C. § 1983 (Count Five). (ECF No. 1.) On April 6, 2022, Defendants Bakker and Kengis filed their motion to dismiss. The State of Michigan filed its motion to dismiss on April 8, 2022. On April 12, 2022, Cooper-Keel filed an amended complaint as of right, which added additional allegations and a claim titled Violation of the Eighth Amendment-restriction on excessive bail, excessive fines, and cruel and unusual punishment (Count Six). On April 14, 2022, I entered an Order clarifying that the amended complaint did not moot the pending motions to dismiss, which raised primarily jurisdictional and immunity issues, and directing Cooper-Keel to respond to the motions. (ECF no. 14.) On May 4, 2020, I denied Cooper-Keel's request for an extension of time to file another amendment, but extended the time for him to respond to the pending motions to June 1, 2022. (ECF No. 16.)

For relief, Cooper-Keel seeks a declaratory judgment that any attempt to collect judgments after bond forfeitures where the defendant has been apprehended within 56 days violates his rights to due process and to reasonable bail under the U.S. and Michigan constitutions and the Commerce Clause of the U.S. Constitution; injunctive relief preventing Defendants from enforcing the unconstitutional orders; and damages for violation of his constitutional rights. (ECF No. 13 at PageID.226.)

## II.  Motion Standard

Defendants Bakker and Kengis move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), while the State of Michigan moves for dismissal pursuant to Rule 12(b)(1). The grounds raised for dismissal—the *Rooker-Feldman* doctrine, absolute judicial

4

immunity, and Eleventh Amendment immunity, are all considered jurisdictional in nature. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397 (6th Cir. 2020) (noting that the district court dismissed the case on the ground of *Rooker-Feldman* pursuant to a motion brought under Rule 12(b)(1)); *Edwards v. Commonwealth of Ky. Revenue Cabinet*, 22 F. App'x 392, 393 (6th Cir. 2001) ("Eleventh Amendment immunity constitutes a jurisdictional bar, and neither supplemental jurisdiction nor any other basis for jurisdiction overrides Eleventh Amendment immunity.") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *Leech v. DeWeese*, 689 F.3d 538, 540 (6th Cir. 2012) (characterizing absolute judicial immunity as a jurisdictional defense). Accordingly, I analyze the motions pursuant to Rule 12(b)(1).[3]

A motion to dismiss under Rule 12(b)(1) for lack of jurisdiction may come in the form of either a "facial attack" or a "factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). A facial attack "questions merely the sufficiency of the pleading." *Id.* at 376.

> "[W]hen reviewing a facial attack, a district court takes the allegations in the complaint as true. . . . If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

*Id.* (internal citations omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, Defendants' motions present a facial attack on jurisdiction.

---

[3] As Defendants Bakker and Kengis also note, Defendant Bakker is entitled to dismissal pursuant to Rule 12(b)(6) on the independent ground that the claims in the amended complaint fail to set forth any act that she took that violated Cooper-Keel's rights. (ECF No. 8 at PageID.39 n.2.) Cooper-Keel does not allege that she entered a bond forfeiture judgment or denied a motion to set aside a judgment.

Where jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to survive the motion. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).[4]

### III. Discussion

#### A. *Rooker-Feldman* Doctrine

Defendants Kengis and Bakker contend that the *Rooker-Feldman* doctrine bars this Court from hearing Cooper-Keel's claims. I agree.

The *Rooker-Feldman* doctrine has its roots in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and provides that lower federal courts are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008). The Supreme Court has clarified the scope of the doctrine, confining it to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." E*xxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of Exxon Mobil, the Sixth Circuit "distinguishe[s] between plaintiffs who bring an impermissible attack on a state court judgment—

---

[4] Although a court generally must construe a pro se litigant's pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (stating that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"), I decline to apply the rule in this case as Cooper-Keel admits that he has a law degree. *See Baker v. Chagrin Valley Med. Corp.*, No. C82-122, 1985 WL 445, at *1 n.1 (N.D. Ohio Mar. 22, 1985) (declining to construe the plaintiff-law-school-graduate's pleadings liberally and instead "giv[ing] them the same careful scrutiny accorded to pleadings filed by other law school graduates").

situations in which *Rooker-Feldman* applies—and plaintiffs who assert independent claims before the district court—situations in which *Rooker-Feldman* does not apply." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010).

On their face, the claims set forth in the amended complaint show that they are barred by the *Rooker-Feldman* doctrine because the alleged injury arises out of Defendant Kengis's October 7, 2020 post-judgment orders, as well as his orders entered in the *Roland* and *Shepherd* cases. Moreover, much of the factual allegations and at least one claim complain about the Michigan Court of Appeals and Michigan Supreme Court orders declining to hear Cooper-Keel's appeal. (ECF No. 13 at PageID.222–23.) Cooper-Keel's invitation to this Court to review the state-court orders must be declined. There is no federal jurisdiction when, as here, the claim is "a specific grievance that the law was invalidly—even unconstitutionally—applied in the plaintiff's particular case.'" *Loriz v. Connaughton*, 233 F. App'x 469, 474 (6th Cir. 2007) (quoting *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002)).

Cooper-Keel's argument that the doctrine does not apply because the state is a party to the contract and the "'state court' isn't really a court, as contemplated by *Rooker-Feldman*" (ECF No. 18 at PageID.256), is unconvincing. *Johnson v. United States*, 333 U.S. 10 (1948), which Cooper-Keel cites, had nothing to do with the *Rooker-Feldman* doctrine. His argument that the doctrine does not apply when the state is a party to the case because the state court cannot be "neutral and detached" finds no support in the caselaw.

Accordingly, this Court lacks jurisdiction to decide the claims in the amended complaint.

### B.     Eleventh Amendment Immunity

The State of Michigan argues that the claims against it are barred by Eleventh Amendment immunity. Bakker and Kengis likewise assert that Cooper-Keel's official capacity claims against them are barred by the Eleventh Amendment.

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).

In addition, a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). An official capacity suit is thus no different than a suit against the state itself. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."). Because the Eleventh Amendment prohibits suits for damages against states in federal court, *see Quern*, 440 U.S. at 342, damage claims against state officials in their official capacities are also barred by the Eleventh Amendment. *See Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (noting that Eleventh Amendment immunity "applies to actions against state officials sued in their official capacity for money damages") (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 623 (2002)).

As set forth above, the State of Michigan has not waived its Eleventh Amendment protection and is thus immune from Cooper-Keel's claims in this Court. In addition, because Bakker and Kengis are Michigan judges, they are considered state officials. *See LaFountain v. Meyer*, No. 1:16-cv-658, 2016 WL 3679279, at *2 (W.D. Mich. July 12, 2016) ("The Sixth Circuit Court of Appeals has already considered the application of Eleventh Amendment immunity to

8

Michigan state courts. The Sixth Circuit determined that Michigan's courts are arms of the state and thus entitled to Eleventh Amendment immunity.") (citing *Pucci v. 19th District Court*, 628 F.3d 752, 760–74 (6th Cir. 2010)); *Varner v. Schrock*, No. 1:14-cv-999, 2014 WL 5441807, at *3 (W.D. Mich. Oct. 24, 2014) (noting that the plaintiff's suit against the clerk in her official capacity was equivalent to a suit brought against the circuit court and that "[t]he circuit courts of the State of Michigan are arms of the state and, thus, immune from suit"). Thus, Cooper-Keel's official capacity claims against Defendants Bakker and Kengis must be dismissed as well.

### C.     Absolute Judicial Immunity

Finally, although Cooper-Keel has not expressly sued Bakker and Kengis in their individual capacities, they contend that they are entitled to absolute judicial immunity to the extent the amended complaint is construed as asserting individual capacity claims. Having carefully reviewed the amended complaint, I find no allegation suggesting that Bakker and Kengis are sued individually. Nonetheless, I consider judicial immunity in the event the Court finds otherwise.

It is well established that a judge is absolutely immune from suit seeking monetary relief, so long as the judge was performing judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. The "immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights." *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). A judge is not immune (1) where the judge's alleged actions were not taken in the judge's judicial capacity, or (2) where the actions, although judicial in nature, were taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–12.

> [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."

9

*Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). "Whether an act is judicial depends on the nature and function of the act, not the act itself." *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997) (internal quotation marks omitted) (quoting *Mireles*, 502 U.S. at 13). The analysis involves two considerations: "(1) looking to the nature of the act itself, whether the act is a 'function normally performed by judge' and (2) regarding the expectations of the parties, whether the parties 'dealt with the judge in his judicial capacity.'" *Id.* (quoting *Mireles*, 502 U.S. at 12).

Entering orders and judgments in a criminal case is a quintessential judicial act. Cooper-Keel fails to show that Defendants Kengis and Bakker acted in any capacity other than judge or that they acted in the complete absence of all jurisdiction. His argument that Kengis and Bakker were not acting as judicial officers because they were parties to the case/bail contract is meritless. Therefore, judicial immunity applies to the extent Cooper-Keel has asserted individual capacity claims.

### III. Conclusion

For the foregoing reasons, I recommend that the Court **grant** Defendants' motions to dismiss (ECF Nos. 7 and 9), and dismiss the amended complaint without prejudice. *See Carmichael v. City of Cleveland*, 571 F. App'x 426 (6th Cir. 2014) (a dismissal on the basis of Eleventh Amendment immunity should be made without prejudice); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (dismissal on the basis of *Rooker-Feldman* is without prejudice); *see also Meeks v. Michigan Dep't of Corrs.*, No. 1:20-cv-839, 2020 WL 5554872, at *6 (W.D. Mich. Sept. 17, 2020) (claims barred by *Rooker-Feldman* are properly dismissed without prejudice). To the extent the Court concludes that Cooper-Keel has asserted personal capacity claims against Kengis and Bakker, I recommend that those claims be dismissed with prejudice.

10

*See Mehdipour v. Matthews*, 386 F. App'x 775, 778–79 (10th Cir. 2010) (affirming dismissal with prejudice on the ground of absolute judicial immunity).

Dated: June 28, 2022    /s/ Sally J. Berens
　　　　　　　　　　　　　　　　　　SALLY J. BERENS
　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).