UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVIN P. COOPER-KEEL,

    Plaintiff,

v.

STATE OF MICHIGAN, et al.,

    Defendants.
_____/

Case No. 1:21-cv-1076

HON. JANE M. BECKERING

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Nevin P. Cooper-Keel initiated this *pro se* action against Defendants State of Michigan, Judge Roberts Kengis, and Judge Margaret Bakker, in their official capacities pursuant to 42 U.S.C. § 1983.  Defendants Kengis and Bakker filed a Motion to Dismiss (ECF No. 7), and Defendant State of Michigan filed a Motion to Dismiss (ECF No. 9), which were referred to the Magistrate Judge.  The Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant the motions (ECF No. 19).  The matter is presently before the Court on Plaintiff's Objection (ECF No. 20) to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objection and issues this Opinion and Order.

Plaintiff's claims arise out of state court rulings made in criminal cases affecting Plaintiff's capacity as a bail bondsman.  After thoroughly setting forth the factual background and motion standard, the Magistrate Judge recommends dismissing Plaintiff's official capacity claims against Kengis and Bakker as barred by the *Rooker-Feldman* doctrine (R&R, ECF No. 19 at

PageID.266–267, 271) and against the State of Michigan, Kengis, and Bakker as barred by Eleventh Amendment immunity (*id.* at PageID.267–269, 271).  To the extent Plaintiff asserts individual capacity claims against Defendants Kengis and Bakker, the Magistrate Judge recommends dismissing Plaintiff's individual capacity claims on the basis of absolute judicial immunity (*id.* at PageID.269–270, 271).[1]

While Plaintiff's Objection disagrees with the Magistrate Judge's recommendation, it fails to demonstrate any factual or legal error by the Magistrate Judge.  This Court's review of the record indicates that Plaintiff makes a general objection and merely restates facts and arguments already before the Magistrate Judge as set forth in Plaintiff's response to Defendants' motions to dismiss (*see* ECF No. 18).  For example, in his Objection, Plaintiff appears to make only one substantive argument, stating, "[i]n Michigan, through its decision to ratify private bail as its system of reasonable bail, the State has implicitly consented to a waiver of 11th Amendment immunity to its treatment of such [bail bondsmen] sureties being a federally protected class and/or dealing with a federally protected right" (Obj., ECF No. 20 at PageID.276).  Plaintiff's objection does not specifically reference—let alone identify error in—the Magistrate Judge's Eleventh Amendment immunity analysis.  *See* W.D. Mich. LCivR 72.3(b) (instructing that an objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections").  Plaintiff's mere disagreement with the Magistrate Judge's findings does not serve to

---

[1] The Magistrate Judge determined that the amended complaint did not assert allegations against Bakker and Kengis individually but considered judicial immunity in the event this Court found otherwise (*id.* at PageID.269).  Having reviewed the amended complaint, this Court agrees with the Magistrate Judge that Plaintiff does not assert allegations against Bakker and Kengis in their individual capacities, but that any such claims would be barred by absolute judicial immunity as "quintessential judicial act[s]" and thus properly dismissed (*see id.* at PageID.270).

demonstrate error, and Plaintiff cites no authority that warrants a different conclusion. Objections that merely restate arguments or merely disagree with the Magistrate Judge's determination of the case are considered general objections and lack merit. *See Howard v. Sec'y of Health and Human Serv.*, 932 F.2d 505, 508–09 (6th Cir. 1981) (objections that fail to "specify[] a single issue of contention" are "[a] general objection to the entirety of the magistrate's report [which] has the same effects as would a failure to object")); *see also, e.g., Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious") (quotation and citation omitted).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves all pending claims, a Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objection (ECF No. 20) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 19) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss (ECF Nos. 7 & 9) are GRANTED and Plaintiff's amended complaint is DISMISSED WITHOUT PREJUDICE for the reasons stated in the Report and Recommendation.

Dated:  October 6, 2022                                    /s/ Jane M. Beckering
                                                                                            JANE M. BECKERING
                                                                                            United States District Judge